**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **AFFORDABLE HOMES,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-301 (MTT)** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Plaintiff, Affordable Homes, moves for reconsideration of the Court's order denying leave to file a late response brief opposing Defendant's motion for summary judgment. ECF 25. Federal Rule of Civil Procedure 6(b)(1)(B), provides that "the court may, for good cause, extend the time" to respond to a motion for summary judgment "on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.* at 3; Fed. R. Civ. P. 6(b)(1)(B). "To show good cause for failing to timely file, a party must show it could not meet its deadline despite acting diligently." *Reyes v. Fla. A&M Univ. Bd. of Trs.*, 2026 WL 800934, at *1 (11th Cir. Mar. 23, 2026). "In determining whether a party has shown excusable neglect," the Eleventh Circuit has "identified the following factors: 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

movant acted in good faith.'" *Id.* (quoting *United States v. Beaufils*, 160 F.4th 1147, 1170 (11th Cir. 2025)).

After considering these factors, the Court denied Plaintiff's motion. ECF 23. But Plaintiff now argues that newly discovered evidence materially changes the analysis. ECF 25 at 2–5. The Court agrees. Plaintiff recently assumed the position of counsel of record in this case, and, upon attaining access to and reviewing his predecessor's emails, he became aware that Defendant had agreed to an additional extension of the summary judgment deadline. *Id.* To be sure, Plaintiff still failed to request an extension from the Court. But Defendant's consent to an extension weighs against a finding of prejudice. In addition, the Court does not find evidence of bad faith given the current counsel of record recently assumed representation. The Court also concludes that permitting a response will promote the resolution of Defendant's motion for summary judgment on the merits.

Accordingly, Plaintiff's motion for reconsideration (ECF 25) is **GRANTED**.

The Court's order denying Plaintiff's motion for leave to file a late response brief (ECF 23) is **VACATED**.

Plaintiff's motion for leave to file a late response (ECF 21) is **GRANTED**. Plaintiff shall file the response separately on the docket no later than fourteen days after the entry of this Order, by June 25, 2026.

**SO ORDERED**, this 11th day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-2-