**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **AFFORDABLE HOMES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>**Defendant.** | ) | **CIVIL ACTION NO. 5:25-cv-301 (MTT)** |

**ORDER**

Plaintiff Affordable Homes claims Defendant State Farm Fire and Casualty Company failed to pay the full amount owed under an insurance policy for a rental property that sustained a covered fire loss. ECF 1-2 at 4–9. Neither party engaged in discovery, and Defendant now moves for summary judgment. ECF 17. For the following reasons, the motion (ECF 17) is **GRANTED**.

## I. BACKGROUND[1]

Plaintiff held a rental property insurance policy with Defendant for a property located in Macon, Georgia. ECF 17-2 ¶¶ 2–3; 29-1 ¶¶ 2–3. Plaintiff alleges the insured property sustained a fire loss on September 11, 2023. ECF 17-2 ¶ 1; 29-1 ¶ 1. Plaintiff filed an insurance claim, and Defendant issued payments. ECF 29-2 ¶ 4. Plaintiff sued Defendant in state court on May 22, 2025, asserting claims for breach of contract and bad faith. ECF 1-2 at 1, 7–13. Defendant timely removed the case and then moved to

[1] Unless otherwise stated, these facts are undisputed and are viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

dismiss. ECF 1 ¶¶ 3–4; 10. Plaintiff did not respond to the motion to dismiss, and the Court granted the motion in part and dismissed Plaintiff's bad faith claim.[2] ECF 15. After discovery closed, Defendant moved for summary judgment on Plaintiff's remaining breach of contract claim. ECF 17. Apparently, no discovery occurred in federal court during the discovery period. ECF 17-1 at 5–6; 21 at 4. Plaintiff also initially failed to respond to the motion for summary judgment, but the Court granted Plaintiff leave to file a late response. ECF 28. Plaintiff responded and submitted the affidavit of Armando Suarez, the owner of Plaintiff Affordable Homes, which Plaintiff had not previously disclosed. ECF 29-2.

## II. STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citation modified). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that

[2] Defendant argues in its reply supporting summary judgment that the Court should grant summary judgment on Plaintiff's bad faith claim, but the Court has already dismissed Plaintiff's bad faith claim. ECF 15; 30 at 8–9.

there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

In contrast, "[w]hen the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party "simply may show . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1438 (cleaned up). "Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." *Info. Sys. & Networks Corp. v. City of Atlanta,* 281 F.3d 1220, 1224–25 (11th Cir. 2002) (citing *Celotex Corp.*, 477 U.S. at 324).[3]

In determining whether a genuine dispute of material fact exists, the Court "must avoid weighing conflicting evidence or making credibility determinations." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A material fact is any fact relevant or necessary to the outcome of the suit, and a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Furthermore, "[a]ll material facts contained in the

---

[3] Under Georgia law, the insured has the burden to prove that it suffered a loss covered by the policy, that it complied with the conditions precedent under the policy, and that the insurer waived its right to raise a certain defense. *Rsrv. Life Ins. Co. v. Davis*, 224 Ga. 665, 667, 164 S.E.2d 132 (1968); *Wolverine Ins. Co. v. Sorrough*, 122 Ga. App. 556, 557, 177 S.E.2d 819 (1970); *Metropolitan Life Ins. Co. v. Smith*, 48 Ga. App. 245, 247, 172 S.E. 654 (1934); *see also* 17A Steven Plitt et al., *Couch on Insurance* § 254:11 (3d ed. 2022). However, the insurer bears the burden to prove a policy exclusion, exception, or other affirmative defense applies. *Rsrv. Life Ins. Co. v. Ayers*, 217 Ga. 206, 213, 121 S.E.2d 649 (1961); *see also* 17A Steven Plitt et al., *Couch on Insurance* § 254:12 (3d ed. 2022). Thus, Plaintiff has the burden of proving that the policy covers its claims. Defendant has the burden of proving that any exclusion applies.

movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56.

## III. DISCUSSION

Defendant argues summary judgment is warranted because no evidence supports Plaintiff's contention that Defendant breached the insurance contract by paying less than Defendant owed under the policy. ECF 17-1 at 3–6; 30 at 2–4; *see also Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 904 (11th Cir. 2023) (explaining Rule 56 requires summary judgment if "after adequate time for discovery and upon motion," the plaintiff "failed to make a showing sufficient to establish the existence of an element essential to its case, and on which it would bear the burden of proof at trial" (citation modified)). To succeed on a breach of contract claim in Georgia, a plaintiff must show "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *McAlister v. Clifton*, 313 Ga. 737, 742, 873 S.E.2d 178 (2022). An insured suing for damages on a breach of contract theory "bears the burden of proving its damages by evidence which furnishes the jury with sufficient data to enable them to calculate the amount with reasonable certainty." *Am. Infoage, LLC v. Only Sol. Software, LLC*, 362 Ga. App. 706, 709–10, 870 S.E.2d 47 (2022) (citation modified). In other words, "[a]n allowance for damages cannot be based on guess work." *Matthews v. State Farm Fire & Cas. Co.*, 500 F. App'x 836, 841 (11th Cir. 2012) (quoting *Big Builder, Inc. v. Evans*, 126 Ga. App. 457, 458, 191 S.E.2d 290 (1972)).

Plaintiff has not offered any evidence by which a jury could calculate the claimed loss amount with a reasonable degree of certainty. The parties failed to conduct any discovery in federal court.[4] ECF 17-1 at 5–6; 21 at 4. After the discovery deadline and the deadline for responding to Defendant's motion for summary judgment had passed, Plaintiff submitted the two-page affidavit of Armando Suarez, the owner of Affordable Homes. ECF 29-2. But the affidavit is too late and offers too little to create a triable issue on the amount owed under the policy. *See Bokhiria v. Safeco Ins. Co. of Indiana*, 2026 WL 2907696, at *3–4 (N.D. Ga. Sept. 28, 2026) (granting summary judgment on a claim for breach of an insurance contract where the plaintiff failed to properly present any evidence of a loss amount).

Defendant contends neither the affidavit nor Suarez's identity were disclosed through discovery. ECF 30 at 7. Indeed, Defendant contends Plaintiff failed to make any required disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. *Id*. Thus, Defendant argues that Plaintiff is barred from relying on the undisclosed evidence pursuant to Federal Rule of Civil Procedure 37(c)(1), which provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

---

[4] It appears that Plaintiff served interrogatories and requests for production along with the complaint before removal but then failed to engage in discovery after removal. ECF 17-1 at 5 n.1. Nothing indicates Defendant responded to the discovery requests. Defendant argues that the interrogatories and requests for production filed in state court before removal became null and void after the case was removed to federal court, citing *Schutz v. Oliveras*, 2019 WL 13246972, at *1 (M.D. Fla. Oct. 15, 2019). *Id.* The Magistrate Judge in *Schutz* held that "the Federal Rules of Civil Procedure do not authorize a motion to compel directed to outstanding discovery served under state court procedural rules." 2019 WL 13246972, at *1. Other district courts have similarly held "that discovery served in state court becomes null and ineffective following removal to federal court." *See, e.g., Chiem v. Lobaina*, 2025 WL 2889160, at *3 (N.D. Ga. May 8, 2025) (collecting cases). Plaintiff argues that *Shutz* is not binding authority, which is true. ECF 29 at 7–8. But Plaintiff does not cite any cases holding anything different, nor does Plaintiff offer any reason why *Shutz* is not persuasive. *Id.* In addition, Plaintiff does not rely on, or even identify, any pre-removal discovery in opposition to Defendant's motion. ECF 29. Thus, Plaintiff's pre-removal interrogatories and requests for production do not provide a basis for denying the motion for summary judgment here.

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); ECF 17-1 at 5–6; 30 at 7. Plaintiff does not address Defendant's exclusion argument in response to the motion for summary judgment, nor does Plaintiff argue its failure to disclose was substantially justified or harmless. ECF 29. The Court sees no justification for the late disclosure, which likely reflects the failure of Plaintiff's counsel, Your Insurance Attorney, PLLC, to diligently prosecute this case.[5]

Even if the Court considers the Suarez affidavit, it fails to create a triable issue of damages. The affidavit contains conclusory statements that provide no basis for calculating the loss amount with a reasonable degree of certainty. ECF 29-2. It provides no estimate of the amount owed at all. *Id.* Nor does it clarify the measure of damages by identifying a particular insurance provision that Defendant allegedly breached. *Id.* The affidavit states: "Following the loss, State Farm issued payments that I believe were significantly less than the full replacement cost value of the fire damages." ECF 29-2 ¶ 4. But the affidavit nowhere suggests Suarez was entitled to replacement cost benefits when Defendant initially issued payments,[6] nor does it suggest Defendant paid less than the actual cash value benefits owed. ECF 29-2. Suarez's belief alone that Defendant failed to pay the amount owed under the policy would not allow a jury to

---

[5] This would not be the first time Your Insurance Attorney has failed to diligently prosecute a case. ECF 23 at 2–3 (describing Your Insurance Attorney's lack of diligence in this case and others) (vacated on other grounds at ECF 28).

[6] If anything, the affidavit suggests Suarez was not entitled to replacement cost benefits. The parties agree that under the insurance policy, replacement cost benefits for buildings issue only after replacement occurs. ECF 29-3 at 28; 29 at 4; 30 at 4. Before replacement, Plaintiff may receive actual cost value benefits. *Id.* Suarez does not state whether any replacement occurred, whether he informed Defendant of any replacement, or the amount of any replacement costs. ECF 29-2. But addressing repairs, Suarez states, "[w]ithout full insurance proceeds, it delayed the completion of repairs, which is ongoing." *Id.* ¶ 5.

calculate the loss amount with a reasonable degree of certainty. Plaintiff bears the burden of presenting evidence sufficient for a jury to find damages.[7] *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 904 (11th Cir. 2023) (explaining that Rule 56 requires summary judgment if “after adequate time for discovery and upon motion,” the plaintiff “failed to make a showing sufficient to establish the existence of an element essential to its case, and on which it would bear the burden of proof at trial” (citation modified)). The affidavit’s thin and conclusory assertions are insufficient.

## IV. CONCLUSION

Defendant’s motion for summary judgment (ECF 17) is **GRANTED.** Defendant’s motion for a hearing (ECF 18) is **DENIED as moot**.

**SO ORDERED**, this 24th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[7] Consequently, Suarez’s statement that “State Farm has not provided [him] with any reasonable evidence that its payments constituted full and complete compensation under the policy” does not defeat summary judgment. ECF 29-2 ¶ 4.